Filed 3/18/21  P. v. Burton CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D077855 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD212531) |
| RAYSHEON MARQUISE BURTON, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, David M. Gill, Judge.  Affirmed.

Mary Woodward Wells, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In 2009, a jury convicted Raysheon Marquise Burton of first degree murder (Pen. Code,[1] § 187, subd. (a); count 1) and attempted premeditated murder (§§ 187 and 664; count 2).  The jury found Burton was armed with a

---

[1]    All further statutory references are to the Penal Code.

firearm (§ 12022, subd. (a)(1)), and personally discharged a firearm causing death or great bodily injury (§ 12022.53, subds. (b), (c), and (d)).

Burton was sentenced to an indeterminate term of 75 years to life in prison.

Burton appealed and this court affirmed his convictions in an unpublished opinion. (*People v. Burton* (Jan. 13, 2012, D056818) [nonpub. opn.].)

In March 2019, Burton filed a petition for resentencing under section 1170.95. The court appointed counsel, received briefing, and reviewed the record of conviction. The court denied the petition by written order which found the record established Burton was the shooter who killed the victim.

Burton filed a timely notice of appeal.

Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) indicating counsel has been unable to identify any arguable issue for reversal on appeal. Counsel asks the court to review the record for error as mandated by *Wende*. We offered Burton the opportunity to file his own brief on appeal, but he has not responded.

STATEMENT OF FACTS

The facts of the offenses are fully set forth in our prior opinion. We decline to repeat them here. (*People v. Burton*, *supra*, D056818.)

DISCUSSION

As we have noted, appellate counsel has filed a *Wende* brief and asks the court to review the record for error. To assist the court in its review, and in compliance with *Anders v. California* (1967) 386 U.S. 738 (*Anders*), counsel has identified the following possible issues which were considered in evaluating the potential merits of this appeal:

2

1.  Whether the petition provided the necessary facts or explanation why Burton "could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019";

2.  Whether the verdicts made clear Burton was either the actual killer, aided and abetted the actual killer while harboring the intent to kill, or was a major participant in the shooting and acted with reckless indifference to human life; and

3.  Whether the trial court properly considered the record of conviction, including the appellate opinion in determining his eligibility for resentencing.

We have reviewed the entire record as required by *Wende* and *Anders*. We have not discovered any arguable issues for reversal on appeal. Competent counsel has represented Burton on this appeal.

DISPOSITION

The order denying Burton's petition for resentencing under section 1170.95 is affirmed.

HUFFMAN, Acting P. J.

WE CONCUR:

DATO, J.

GUERRERO, J.

3